UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. GREEN, Individually and On Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) MORNINGSTAR, INC., PRUDENTIAL ) INVESTMENT MANAGEMENT SERVICES ) LLC, AND PRUDENTIAL RETIREMENT ) INSURANCE AND ANNUITY COMPANY, ) ) Defendants. ) _____) | Case No. 1:17-cv-05652<br><br>Hon. Virginia M. Kendall |

## THE PRUDENTIAL DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, RULE 12(c)

Defendants Prudential Investment Management Services, LLC and Prudential Retirement Insurance and Annuity Company (collectively, "Prudential"), hereby move, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6), to dismiss the Complaint with prejudice. In the alternative, Prudential moves for judgment on the pleadings under Rule 12(c). In support of this motion, Prudential states as follows.

1. On August 22, 2017, this Court granted Prudential's motion to extend the deadline to file a Rule 12(b)(6) motion to dismiss to September 7, 2017. (Dkt. 11.) In accordance with Paragraph A(3) of the Northern District of Illinois Standing Order Regarding Mandatory Initial Discovery Pilot Program ("Standing Order"), Prudential expressly did not seek to extend the time to file an Answer to the Complaint. *See also* Mandatory Initial Discovery Users' Manual for the N.D. Ill., Section C(1)(e), cmt. 1 (noting that "an answer *must* be filed even when a party *intends to file* a motion to dismiss or other preliminary motion"). In

compliance with the Standing Order, Prudential filed its Answer to the Complaint on August 28, 2017. (Dkt. 29.)

2. To the extent that the Standing Order would otherwise conflict with Rule 12(b) of the Federal Rules of Civil Procedure (a motion to dismiss for, among other things, failure to state a claim upon which relief can be granted, "must be made before pleading if a responsive pleading is allowed"), Prudential understands that either the Pilot Program permits a motion to dismiss to be asserted after the filing of the Answer or that all Rule 12(b)(6) motions to dismiss are converted to motions for judgment on the pleadings pursuant to Rule 12(c), in which the Complaint is tested by the same legal standards regardless of whether the Answer has been filed. *See, e.g., Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) ("A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."). Prudential now files this motion to dismiss by the Court-extended deadline, incorporates by reference the supporting memorandum of law, and states as follows:

3. The Complaint fails to state a claim upon which relief can be granted because the fraud, here purportedly undisclosed kickbacks, is not plausibly alleged, much less alleged with sufficient particularity to satisfy the "who, what, when, where, and how" requirements of Rule 9(b).

4. The Complaint describes lawful revenue sharing compensation, and "bona fide compensation" does not constitute a violation of 18 U.S.C. § 1954.

5. Plaintiff does not allege facts sufficient to establish a viable RICO enterprise because the alleged enterprise consists of all Defendants, but does not plausibly allege that they were involved in each other's business, shared the profits of their alleged wrongs, or shared a purpose of increasing revenue sharing payments to Prudential.

6. Plaintiff fails adequately to allege the causation and injury required for RICO standing because Prudential's receipt of revenue sharing depends on decisions entirely independent of Prudential. Plaintiff's claim that Prudential's receipt of revenue sharing payments caused him to pay higher fees charged by certain mutual funds depends upon independent decisions by those funds, by the fiduciary for Plaintiff's employer-sponsored plan, and by Plaintiff. Those independent decisions defeat Plaintiff's ability to establish factual and proximate causation. And Plaintiff's conclusory assertions about paying higher fees do not satisfy RICO's requirement for a concrete and actual injury.

WHEREFORE, Prudential respectfully requests that this Court dismiss the entirety of the Complaint with prejudice and grant Prudential such other, further relief the Court deems just and proper.

Dated: September 7, 2017

Respectfully submitted,

/s/ *Joel S. Feldman*
Joel S. Feldman
jfeldman@sidley.com
Mark B. Blocker
mblocker@sidley.com
Tara Amin
tamin@sidley.com
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

James T. Shearin (admitted pro hac vice)
jtshearin@pullcom.com
Edward B. Lefebvre (admitted pro hac vice)
tlefebvre@pullcom.com
Pullman & Comley LLC
850 Main Street, P.O. Box 7006

                    Bridgeport, CT 06601
                    Tel: (203) 330-2240
                    Fax: (203) 576-8888

                    *Attorneys for Prudential Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on September 7, 2017, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties participating in the Court's electronic filing system.

/s/ *Joel S. Feldman*